IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

v.  CRIMINAL ACTION NO. 2:03-00118

**DARRELL SHAWTON COLLINS**

MEMORANDUM OPINION AND ORDER

Pending are the defendant's three letter-motions to modify sentence pursuant to 18 U.S.C. § 3582(c)(2), received by the court on March 20, March 31 and April 7, 2008, which are hereby ORDERED filed. The motions to modify sentence are based upon the November 1, 2007, amendment to U.S.S.G. § 2D1.1, which the United States Sentencing Commission made retroactive effective March 3, 2008.

Section 1B1.10(b) controls a defendant's eligibility for a reduction in sentence based upon a post-disposition guideline amendment. Section 1B1.10(b)(1) provides as follows:

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine <u>the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced</u>. In making such determination, the court shall substitute <u>only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced</u> and shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.1(b)(1) (emphasis supplied); U.S.S.G. § 1B1.10, applic. note 1(A) ("Eligibility for consideration under 18 U.S.C.

§ 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range. . . . [A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: (i) none of the amendments listed in subsection (c) is applicable to the defendant . . . .").

The June 3, 2004, Judgment reveals defendant was sentenced, <u>inter alia</u>, to a 188-month term of imprisonment.[1] The Judgment further reflects that defendant was classified as a career offender pursuant to U.S.S.G. § 4B1.1(a) and (b). <u>United States v. Daniels</u>, No. 2:02-00062, Stmt. of Reas. at 1 (S.D. W. Va. Sept. 9, 2002) (notation accompanying the guideline range determination providing "Career Offender provision at U.S.S.G. 4B1.1 applicable.").[2]

---

[1] On July 27, 2005, the sentence was reduced to 120 months pursuant to Rule 35.

[2] Paragraph 22 of the presentence report ("PSR") provides as follows:

> The prescribed guideline for a violation of 21 U.S.C. § 841(a)(1) is U.S.S.G. § 2D1.1(c)(2). The base offense level for 60.5 grams of cocaine base is 32. However the defendant is a Career Offender pursuant to U.S.S.G. § 4B1.1; the instant offense is a controlled substance offense and the defendant has at least two priior felony convictions of either a creime of violence or a controlled substance offense. The defendant has four qualifying felonies, which are subsequently addressed in this report at paragraphs 31, 34, 35, and 36. Pursuant to U.S.S.G. § 4B1.1(b)(B) the offense level is 34.

(continued...)

Inasmuch as defendant's guideline range was not calculated pursuant to the pre-amended version of U.S.S.G. § 2D1.1, he is not entitled to relief under the retroactive amendment that modified that guideline section. The court, accordingly, ORDERS that defendant's motion to modify sentence be, and it hereby is, denied.

The Clerk is DIRECTED to send a copy of this written opinion and order to the defendant, the United States Attorney, the Federal Public Defender, and the United States Probation Office.

ENTER: April 14, 2008

John T. Copenhaver, Jr.
United States District Judge

---

²(...continued)
PSR ¶ 22. Following this base offense level, paragraph 28 of the PSR calculates the total offense level at 31, following a three-point reduction for acceptance of responsibility. (Id. ¶ 28).
    Assuming defendant received a two-level reduction pursuant to the retroactive amendment, resulting in a base offense level of 30 if calculated under the revised section 2D1.1, the operation of section 4B1.1 would yet result in his base offense level then returning to 34. See U.S.S.G. § 4B1.1 (2001) ("If the offense level for a career criminal from the table below is greater than the offense level otherwise applicable, the offense level from the table below shall apply.").

3